UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL OROSCO, et al., | No. 2:20-cv-00743-KJM-EFB |
| Plaintiffs, | |
| v. | ORDER |
| SPECIALIZED LOAN SERVICING, LLC et al., | |
| Defendants. | |

      In this mortgage-related dispute, defendants moves to dismiss plaintiffs' complaint. Mot., ECF No. 3. Plaintiffs oppose, Opp'n, ECF No. 8, and defendants have filed a reply, ECF No. 10. The court held a hearing on the matter on July 24, 2020. ECF No. 12. At hearing, plaintiffs' counsel made several concessions, as noted in the discussion below. The court and the parties discussed whether leave to amend for certain claims was warranted; plaintiffs' counsel argued leave to amend was warranted, because he could plead additional facts. The court allowed plaintiffs seven days to file supplemental briefing on the subject. ECF No. 12. To date, plaintiffs have not filed supplemental briefing, and defendants noted as much in their "responsive" supplemental briefing, filed August 3, 2020. Supp'l Br., ECF No. 13.

/////

/////

Having reviewed the allegations of the complaint and the parties' briefing, the court orders as follows.

I. REQUEST FOR JUDICIAL NOTICE

In conjunction with their motion to dismiss, defendants request that the court take judicial notice of the following documents:

1. "Grant Deed" recorded in the Official Records of San Joaquin County;
2. "Deed of Trust" recorded in the Official Records of San Joaquin County as Document Number 2003-118818;
3. "Deed of Trust" recorded in the Official Records of San Joaquin County as Document Number 2003-118819;
4. "Deed of Trust and Assignment of Rents" recorded in the Official Records of San Joaquin County as Document Number 2004-057751;
5. "Assignment of Deed of Trust" recorded in the Official Records of San Joaquin County;
6. "Substitution of Trustee" recorded in the Official Records of San Joaquin County;
7. "Notice of Default" recorded in the Official Records of San Joaquin County;
8. "Notice of Trustee's Sale" recorded in the Official Records of San Joaquin County;
9. "Trustee's Deed Upon Sale" recorded in the Official Records of San Joaquin County.

Plaintiffs did not file an opposition to defendants' request for judicial notice, and so are deemed to not dispute the authenticity of any of the exhibits. *Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 989 (N.D. Cal. 2014). Defendants' exhibits are "copies of official public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* (citing Fed. R. Evid. 201(b)). Accordingly, the request for judicial notice is GRANTED.

/////

II.     DISCUSSION

      A.     Violation of Section 2924 (Claim 1)

Plaintiffs' first claim is for a violation of section 2924 of the California Homeowner Bill of Rights (HBOR), based on defendants' alleged failure to "record a Substitution of Trustee with the San Joaquin County Recorder's Office" when the Deed of Trust was transferred from "GMAC Defendant" (U.S. Bank, National Association as Indenture Trustee of the GMAC Home Equity Loan Trust 2004-HE3) to a third party. Compl. ¶¶ 15–21, ECF No. 1, at 13–14. However, defendants provide a document from the San Joaquin County Recorder showing US Bank recorded a substitution of trust whereby it substituted Affinia as successor-trustee under the Deed of Trust, dated May 8, 2019. Req. for Jud. Not., Ex. 6 at 47. Plaintiffs do not oppose defendants' request for judicial notice, nor do they acknowledge defendants' argument or documentation in their opposition to the motion to dismiss. In fact, plaintiffs do not mention section 2924 at all in their opposition.

Because plaintiffs' first claim is defeated by the judicially noticed document provided by defendants, and plaintiffs provide no argument or evidence to the contrary, the claim is DISMISSED.

Defendants argue the court should not grant leave to amend because plaintiffs do not have a private right of action to enforce section 2924. Defendants are correct. *See Zeppeiro v. Green Tree Servicing, LLC*, 679 F. App'x 592, 593 (9th Cir. 2017) (finding no private right of action to sue for monetary damages based on Cal. Civ. Code section 2924(a)(6) because it is not listed in Cal. Civ. Code section 2924.12(b), which creates a private right of action for damages for enumerated statutes); Cal. Civ. Code § 2924.12(b) (not listing any part of section 2924); *Penermon*, 47 F. Supp. 3d at 997 (finding court not authorized to award monetary damages for violation of § 2924(a)(6) as it was excluded from § 2924.12). Plaintiffs do not identify any authority to the contrary, nor any authority providing that the court can award injunctive relief for a violation of section 2924; in fact, they ignore defendants' argument altogether. *See* Cal. Civ. Code § 2924.12(a)(1) (listing sections for which a borrower may bring an action for injunctive relief if a trustee's deed upon sale has not been recorded, not including section 2924). Because

3

there is no reason to believe plaintiffs can amend to state a claim, the court DENIES leave to amend plaintiffs' first claim. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

        B.        <u>Violation of Section 2923.6(c) (Claim 2) & Section 2924.9 (Claim 3)</u>

Defendants argue plaintiffs' second and third claims must be dismissed because sections 2923.6(c) and 2924.9 do not apply to a third-lien loan like the one at issue here. Mot. at 14 (citing Req. for Jud. Not., Exs. 1–3). At hearing, plaintiffs' counsel conceded that, because the lien at issue here is a third lien, not a first lien, the relevant provisions of HBOR do not apply to plaintiffs' case. *See Parker-Bokelman v. Specialized Loan Servicing LLC*, No. EDCV1900173AGSHKX, 2019 WL 3243739, at *5 (C.D. Cal. June 3, 2019) (citing Cal. Civ. Code. § 2924.15(a)). Accordingly, plaintiffs' second and third HBOR claims are DISMISSED.

The court DENIES leave to amend for this claim, given the apparent futility of amendment based on plaintiffs' counsel's concession HBOR does not apply and plaintiffs' having not submitted supplemental briefing on the topic, despite being given the opportunity. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile, or where the amended complaint would be subject to dismissal.") (citations omitted).

        C.        <u>Negligence (Claim 4)</u>

Defendants argue plaintiffs' negligence claim must be dismissed because defendants, as the loan servicers, did not owe a duty of care to plaintiffs. "Federal district courts in California are divided on when lenders owe a duty of care to borrowers in the context of the submission of loan modification applications and negotiations related to loan modifications." *Penermon*, 47 F. Supp. 3d at 1001 (citing *Rijhwani v. Wells Fargo Home Mortg., Inc.*, No. C 13-05881 LB, 2014 WL 890016, at *15–16 (N.D. Cal. Mar. 3, 2014)). This court has previously adopted the position that a lender owes a duty of care to a borrower not to make material misrepresentations about the status of an application for a loan modification, and that a borrower would foreseeably be harmed by inaccurate or untimely updates about a pending loan

1 modification application. *Ogamba v. Wells Fargo Bank, N.A.*, No. 2:17-CV-01754-KJM-AC, 2018 WL 558799, at *4 (E.D. Cal. Jan. 24, 2018), *appeal dismissed*, No. 18-15313, 2018 WL 4178698 (9th Cir. July 19, 2018).

Plaintiffs' negligence claim is primarily based on alleged HBOR violations. *See* Compl. ¶ 36 (citing Cal. Civ. Code sections 2924(a)(1), 2934a(d), 2934a(e), 2923.6(c), 2924.9, 2923.5). As explained above, plaintiffs concede the loan at issue is not a first-lien loan, so sections 2923.6(c), 2924.9, 2923.5 do not apply to plaintiffs' loan, and sections 2924(a)(1) and 2923a are not privately enforceable according to section 2924.12. As for the remainder of the claim, which appears to be based on defendants' review of plaintiffs' loan modification application, Compl. ¶¶ 34–35, at hearing, plaintiffs' counsel represented that he could allege additional facts to support a negligence claim and thereby clarify the claim. Accordingly, the court GRANTS leave to amend this claim, if possible, in any amended complaint. *See Jordan v. Bank of Am., N.A.*, 396 F. Supp. 3d 922, 931 (E.D. Cal. 2019) (granting leave to amend where dismissal of negligence claim based insufficient facts to show lender owed duty of care to plaintiff).

    D.    <u>Wrongful Foreclosure (Claim 5)</u>

Wrongful foreclosure is a California common law claim that generally tracks the elements of an equitable cause of action to set aside a foreclosure sale. *Haynish v. Bank of Am., N.A.*, 284 F. Supp. 3d 1037, 1049 (N.D. Cal. 2018) (quoting *Miles v. Deutsche Bank Nat'l Tr. Co.*, 236 Cal. App. 4th 394, 408 (2015)).[1] As defendants point out, a wrongful foreclosure claim

---

[1] The elements of a wrongful foreclosure claim under California law are:

> (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering . . . . [Additionally,] [a]n action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale. In

1  generally requires the mortgagor allege he "has made a valid and viable tender [offer] of payment
2  of the indebtedness," or that he is excused from tendering. *See Pantoja v. Countrywide Home*
3  *Loans, Inc.*, 640 F. Supp. 2d 1177, 1183–84 (N.D. Cal. 2009) (quotation marks and citations
4  omitted). Plaintiffs admit they did not tender, but argue they are excused from the tender
5  requirement "because of [defendants'] violations of Civ. Code §§ 2924 (a)(1), 2934a(d),
6  2934a(e), 2923.6(c) and 2924.9." Compl. ¶ 53; *see also* Opp'n at 10. In their opposition,
7  plaintiffs analogize to *Dimock v. Emerald Properties LLC*, 81 Cal. App. 4th 868, 876 (2000); they
8  argue that, as in *Dimock*, plaintiffs allege the foreclosure sale was void, as opposed to voidable,
9  so tender is excused. Opp'n at 10–11. However, plaintiffs have not adequately pled that the
10  foreclosure was void. Rather, they base their wrongful foreclosure claim on HBOR violations
11  that may not be applicable to the loan at issue and, in the opposition, focus only on defendants'
12  failure to offer plaintiffs foreclosure alternatives, such as a loan modification, before foreclosing.
13  Opp'n at 11–13. By contrast, in *Dimock*, the plaintiff was able to show the deed at issue was void
14  because the conveyor of the deed did not have the power to convey the deed to the purchaser in
15  the first place, because a proper substitution had not been recorded. *Dimock*, 81 Cal. App. 4th at
16  876; *see also* Opp'n at 10 ("In *Dimock*, the original trustee was substituted out for a new trustee.
17  However, without a subsequent substitution, the original trustee conducted the foreclosure sale.
18  Consequently, the court held that the foreclosure sale was VOID . . ."). As touched on in the
19  discussion above, such is not the case here; plaintiffs' analogy to *Dimock* is inapt. Plaintiffs have
20  not shown an exception to the tender rule applies, and their wrongful foreclosure claim must
21  therefore be DISMISSED, but with leave to amend.
22              Defendants' argument that plaintiffs have not alleged they suffered an injury in
23  fact is likely unavailing, because plaintiffs appear to allege their house was actually foreclosed
24  upon or is in the process of foreclosure, Compl. ¶ 14 ("The sale date was set for February 19,
25  2020. No Trustee's Deed Upon Sale has been recorded."). *See Palma v. Select Portfolio*

26  > other words, mere technical violations of the foreclosure process will
27  > not give rise to a tort claim; the foreclosure must have been entirely
>    unauthorized on the facts of the case.

28  *Miles*, 236 Cal. App. 4th at 408–09 (internal quotation marks and citations omitted).

1  *Servicing, Inc.*, No. 216CV00633KJMCKD, 2017 WL 1364667, at *8 (E.D. Cal. Apr. 14, 2017)
2  ("Defendants' argument that plaintiff has not alleged he suffered an injury in fact is not
3  sustainable in the face of plaintiff's allegations that his house was actually foreclosed upon."
4  (citing *Sullivan v. Wash. Mutual Bank*, 2009 WL 3458300, at *4 (N.D. Cal. Oct. 23, 2009) (injury
5  for standing purposes established where defendants were in process of conducting wrongful
6  foreclosure)).  However, the complaint is inexact on this point; plaintiffs should clarify this point
7  in any amended complaint.

        E.        <u>Unfair Business Practices (Claim 6)</u>

9  "To bring a UCL claim, a plaintiff must show either an (1) unlawful, unfair, or
10 fraudulent business act or practice, or (2) unfair, deceptive, untrue or misleading advertising."
11 *Lippit v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (internal
12 quotations omitted) (quoting Cal. Bus. & Prof. Code § 17200).  A plaintiff must also show he or
13 she suffered a loss of money or property and that this economic injury was caused by the
14 challenged business practice.  *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*,
15 165 F. Supp. 3d 937, 947 (S.D. Cal. 2016) (citing *Kwikset Corp. v. Superior Court*,
16 51 Cal.4th 310, 322 (2011).

17 Because the requirements are phrased in the disjunctive, a practice may be unfair
18 or deceptive even if it is not unlawful, or vice versa.  *Lippit*, 340 F.3d at 1043.  An action is
19 unlawful under the UCL and independently actionable if it constitutes a violation of another law.
20 *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992).  An act is "unfair" under the
21 UCL if it significantly threatens or harms competition, even if it is not specifically proscribed by
22 another law.  *See Swanson v. EMC Mortg. Corp.*, No. CV F 09–1507 LJO/ DLB, 2009 WL
23 4884245, at *9 (E.D. Cal. Dec. 9, 2009); *Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel.*
24 *Co.*, 20 Cal.4th 163, 180, 187 (1999).  To prove a claim under the unfair or fraudulent prongs, a
25 plaintiff "must show that members of the public are likely to be deceived by the practice."  *Prata*
26 *v. Superior Court*, 91 Cal. App. 4th 1128, 1144 (2001) (citations omitted).  Further, to establish a
27 claim under the UCL's "fraudulent" prong, based on misrepresentation, a plaintiff must
28 /////

7

1    demonstrate actual reliance on the deceptive statements.  *In re Tobacco II Cases*, 46 Cal. 4th 298,
2    306 (2009).

3    　　　　　To the extent plaintiffs' UCL claim is for "unlawful" conduct, based on HBOR
4    violations, the claim must be dismissed for the reasons explained above.  *See* Compl. ¶ 63(e)
5    (basing UCL claim on violations of California Civil Code sections 2924(a)(1), 2934a(d),
6    2934a(e), 2923.6(c) and 2924.9).  Plaintiffs also base their claim on an alleged violation of
7    15 U.S.C. § 1641(g), stating defendants failed to advise them within thirty days that their Deed of
8    Trust was transferred or assigned to a third party.  Compl. ¶ 64.  However, plaintiffs have not pled
9    facts to show § 1641(g) of the Truth in Lending Act applies here, because the statute only applies
10   when "a mortgage loan is sold or otherwise transferred or assigned to a third party."  Mot. at 20
11   (citing 15 U.S.C. §1641(g)(1)); Compl. ¶¶ 13, 15 (alleging Notice of Default mentions new
12   trustee of Deed of Trust but defendant GMAC did not advise plaintiffs that "Deed of Trust was
13   transferred or assigned to a third party, and that it is the new owner of assignee of the debt is [sic]
14   illegal in violation of Title 15 U.S.C. § 1651(g)"); *Cheatham v. Real Time Resolutions, Inc.*, No.
15   219CV08911RGKJPR, 2020 WL 1000606, at *3 (C.D. Cal. Jan. 7, 2020) (finding plaintiff
16   insufficiently pled a § 1641(g) claim when she pled only that Deed of Trust was assigned to a
17   third party without notification, not that a mortgage loan or underlying debt was transferred).

18   　　　　　Plaintiffs also argue they have pled "fraudulent" conduct sufficient to state a UCL
19   claim by "demonstrating the acts of misrepresentation by SLS in the recording of the NOD (the
20   inaccurate declaration)."  Opp'n at 22.  Plaintiffs do not appear to plead any actual reliance on
21   this alleged fraudulent statement, which is required to state a claim of this type under the UCL's
22   fraudulent prong.  *See Copart, Inc. v. Sparta Consulting, Inc.*, 339 F. Supp. 3d 959, 987 (E.D.
23   Cal. 2018).

24   　　　　　However, defendants do not address whether plaintiffs' claim for "unfair"
25   practices is sufficiently pled.  There are two opposing lines of California appellate court opinions
26   defining what constitutes an "unfair" business practices for the UCL.  *See, e.g., Morgan v.*
27   *Harmonix Music Sys., Inc.*, No. C08-5211 BZ, 2009 WL 2031765, at *4 & n.7 (N. D. Cal. July 7,
28   2009) (noting the split in authority); *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255,

1260–61 (2006) (same). "One line defines 'unfair' as prohibiting conduct that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Bardin*, 136 Cal. App. 4th at 1260 (citation omitted). "The other line of cases holds that the public policy which is a predicate to a consumer unfair competition action under the 'unfair' prong of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions." *Id.* at 1260–61. Plaintiffs argue only for a claim under the first definition, alleging that defendants' actions seeking to collect improper fees under the mortgage contract and failing to send written notifications regarding alternatives to foreclosure are "immoral, unethical, oppressive, or unscrupulous." Opp'n at 23.

Defendants' only challenge to this claim is that plaintiffs have not alleged any loss of property subject to restitution. A plaintiff "need not demonstrate eligibility for restitution in order to seek injunctive relief" for a UCL claim, as long as they can show they have suffered an injury such that they have standing to pursue the claim. *See Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 925 (N.D. Cal. 2012); Compl. at 23 (requesting injunctive relief). Plaintiffs allege defendants' actions caused them to "incur continuing interest charges that would otherwise be mitigated, late fees, and ultimately foreclosure costs . . . ." Compl. ¶ 63(b); see Cal. Bus. & Prof. Code § 17204 (an unfair competition claim may be brought by "a person who has suffered [an] injury in fact and has lost money or property as a result of the unfair competition.").

Accordingly, defendants' motion to dismiss plaintiffs' UCL claim is DENIED.

F. <u>Cancellation of Written Instruments (Claim 7)</u>

Plaintiffs state they will not pursue this claim, and thereby voluntarily dismiss it. Opp'n at 6. Accordingly, the claim is DISMISSED without leave to amend.

/////

/////

/////

/////

/////

III.     CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED in part as follows:

1. Plaintiffs' first claim for violation of California Civil Code section 2924 is DISMISSED without leave to amend;
2. Plaintiffs' second claim for violation of California Civil Code section 2923.6(c) is DISMISSED without leave to amend;
3. Plaintiffs' third claim for violation of California Civil Code section 2924.9 is DISMISSED without leave to amend;
4. Plaintiffs' fifth claim for wrongful foreclosure is DISMISSED with leave to amend;
5. Plaintiffs' seventh claim for cancellation of written instruments is DISMISSED without leave to amend.
6. The court grants plaintiffs leave to amend to clarify their fourth claim for negligence.

Defendants' motion to dismiss is otherwise DENIED.

Plaintiffs shall file any first amended complaint within 21 days of the date of this order.  This order resolves ECF No. 3.

IT IS SO ORDERED.

DATED: August 19, 2020.

CHIEF UNITED STATES DISTRICT JUDGE